DICTOGRAPH PRODUCTS CORPORATION, Appellant, *v.* HERBERT M. DELANOIE, Respondent.

First Department, June 3, 1927.

Contracts — construction — action based on contract of employment of defendant — counterclaim for commissions — evidence shows that agreement as to commissions was not made until after October 1, 1922 — defendant not entitled to commissions on business done prior to that date — contract therefor not implied from fact that defendant had charge of department of plaintiff's business.

In an action based on an alleged contract for services by the defendant, who was placed in charge of plaintiff's radio department, defendant's claim for commissions on business done prior to October 1, 1922, cannot be sustained. No agreement to pay commissions prior to that time was shown by the evidence, and the mere fact that defendant was in charge of the radio department prior thereto does not imply a contract to pay him commissions on business done. Furthermore, defendant, in a letter written on June 30, 1924, did not claim the right to commissions on business done prior to October 1, 1922.

APPEAL by the plaintiff, Dictograph Products Corporation, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of January, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Allan R. Campbell* of counsel [*Edward E. Elder* with him on the brief; *Rabenold & Scribner*, attorneys], for the appellant.

*Chester Rohrlich* of counsel [*Cook, Nathan & Lehman*, attorneys], for the respondent.

PER CURIAM.   We have examined the record and have reached the conclusion that the evidence is sufficient to sustain the findings and conclusions of the trial justice, except in so far as allowance has been made to the defendant for profits upon the plaintiff's radio department between January 1, 1922, and October 1, 1922.

Concededly no agreement to pay defendant commissions was made until after October 1, 1922.   At this time defendant had been placed in charge of the department.   His testimony was that he was then promised commissions on its profits, but nothing specifically was said with respect to whether he was to receive commissions on profits prior to October first.   He seeks to spell out an implied agreement that he was to receive commissions from the date of the establishment of the department because of the fact that he had been instrumental in its organization and claims to have generally supervised it prior to October first.   We think, however, that no such agreement is to be implied.   That the defendant did not so regard the arrangement finds support in his failure to make claim for commissions on profits prior to October 1, 1922, in his letter of June 30, 1924.

The record discloses that five per cent of the net profits of the radio department throughout the period for which the court below has held the defendant to have been entitled thereto, amounts to $6,582.99.   The portion of these profits assignable to the period between January 1, 1922, and October 1, 1922, amounts to $2,619.75.   This sum deducted from the total commissions leaves the sum of $3,963.24 on account of profits in defendant's favor.   This sum added to the $2,000 extra compensation makes a total in defendant's favor of $5,963.24.   Deducting from this the amount of defendant's withdrawals in excess of salary, $5,300, makes the amount due defendant the sum of $663.24, for which amount, with interest and costs, the defendant is entitled to judgment.

The judgment as so modified should be affirmed, without costs to either party.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Judgment modified as directed in opinion and as so modified affirmed, without costs to either party.   Settle order on notice.